## Rudolph H. Garrigue v. David Arnott, Receiver of the Woolley Magnetic Engine Co.

1. RES ADJUDICATA—*As to Persons Not Subject to the Jurisdiction of the Court.*—The adjudications of a matter in a suit in which a person is named as a party, but of whose person the court acquires no jurisdiction by service of process or otherwise, can not be considered as *res adjudicata* as to such person.

2. STOCKHOLDERS—*Defenses in Suits on Subscriptions.*—In an action brought by a receiver under an order of court, in the name of the corporation he represents, to recover sums claimed to be due from delinquent stockholders, a defendant has the right to avail himself of any defense going to show that he is not liable upon his contract of subscription.

**Assumpsit**, on a subscription to stock. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN. Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed January 24, 1899.

### STATEMENT.

This is an appeal from a judgment of the Superior Court of Cook County, against appellant, in a suit wherein David Arnott, appellee, as receiver of a Michigan corporation, sought to recover from appellant upon an alleged subscription to the capital stock of such corporation.

Appellee was appointed receiver of the Woolley Magnetic Engine Company by the Circuit Court of Kent County, Michigan, in a suit wherein William R. Fox was complainant and the company and Marcus F. and Marcus W. Bates were defendants. The bill filed in the Michigan court is in the nature of a judgment creditor's bill, based upon a judgment recovered by complainant against said company September 13, 1889, in the sum of $5,017, the company, Marcus F. and Marcus W. Bates and R. H. Garrigue, defendants. (Garrigue was never served, did not appear, and bill was dismissed as to him.) The bill seeks to subject the unpaid stock subscription of said parties to the satisfaction of his judgment, basing the right to do so upon the alleged ground that such subscriptions, though purporting by the articles

of association to be paid, were, in fact, not paid, but that said parties had assigned to said company in payment thereof a worthless patent. The company was defaulted, and the Bateses filed an answer denying most of the material allegations of said bill.

A hearing was had upon the bill so taken as confessed as to the company, and the answer of the Bateses, and a decree entered, finding that the Bateses and appellant each subscribed for $10,000 of the capital stock; that $5,000 of such stock was issued to each, and was paid for by the patent on the Woolley magnetic engine, which had been purchased by said incorporators for $6,000, being $2,000 each; that the agreement whereby such patent was turned over for more than that sum is void and set aside; that Marcus W. Bates and Marcus F. Bates are liable thereon in the sum of $3,000 each; that of said $30,000, $7,550 in addition to the above sum has never been paid, and that the amount unpaid and owing from defendants Bates for their shares, respectively, is $2,516.67 each. The decree appoints appellee permanent receiver, with authority to receive any unpaid subscriptions; finds that there is due the complainant on his judgment $5,629.42; allows certain credits to the Bateses, and finds that after allowing them such credits, Marcus W. Bates is liable for $4,591.21, and Marcus F. Bates $4,935.62.

Executions were issued against the Bateses upon said decree and returned unsatisfied; thereupon the receiver filed a petition, charging that the Bateses were insolvent; that the amount of the judgment remained unpaid; that Garrigue (appellant) was a resident of Illinois, and was liable on his stock subscription, and prayed that he be authorized to bring suit against said Garrigue. Upon that petition an order was entered as prayed.

GEO. S. STEERE, attorney for appellant.

PRENTISS, HALL, GREGG & LEVY, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

It is contended on behalf of appellant that "the most

serious error"—to use the language of the attorney—appearing in this record, is the holding, in effect, that the decree of the Michigan court is binding upon appellant, and is in material respects *res adjudicata* as to him.

That decree is binding as to certain corporate matters. Appellant was not a party to that suit. The decree in that case does not order or make an assessment upon the stockholders or the subscribers for stock. Counsel for appellee state definitely that the case at bar is to recover as against appellant upon the ground that he is liable as a subscriber without regard to the question of what amount of stock, if any, was issued to or held by him.

It certainly would be competent for appellant to show that he was not and never had been such a subscriber, or that he had paid his subscription in cash in full. A finding by the Michigan court in a case to which appellant was not a party, could not, as to him, be *res adjudicata* as to such questions. This seems to us to be so fundamental a principle that no authorities need be cited. But see Pennoyer v. Neff, 95 U. S. 714; and Gt. W. Tel. Co. v. Purdy, 162 U. S. 329.

Upon the trial appellant, being called as a witness and having stated that stock in said company of the par value of $6,000 had been issued to him, was asked this: "Did you pay anything for this stock?" The witness answered the question, although it was objected to by appellee's attorney upon the ground that that had been adjudicated, and the objection was sustained.

Counsel for appellant then offered to prove that appellant paid the company $6,000 in cash for the stock issued to him. There were numerous other questions asked and offers made by appellant, which present the same question of law, but which need not be here stated at length. The ruling by the trial court was that there had been a finding upon these questions in the Michigan case, and that such finding and the decree thereon by the Michigan court were *res adjudicata* as to appellant. This case was tried upon that erroneous theory.

The original subscription of appellant was for the sum of $10,000. If he had paid the same in full in cash to the company it would hardly be contended that he could not show that fact, because a court in another jurisdiction, in a case to which he was not a party, had decreed that such subscription had not been paid. Appellant offered to prove that he had received only $6,000 of stock at par value, and that he had paid to the company $6,000 in cash therefor. The most that could be claimed is that he still owed $4,000. But the judgment is for $5,500.

We do not deem it to be necessary for us to review in detail the great number of cases in which the liability of stockholders or subscribers for stock is considered. Great Western Tel. Co. v. Purdy, *ante,* is in the facts very like the case at bar. It is a suit brought in Iowa by a receiver appointed by an Illinois court to recover upon an assessment upon stockholders. Mr. Justice Gray, speaking for the court, says (p. 337): " In this action, therefore, brought by the receiver in the name of the company, as authorized by the order of assessment, to recover the sum supposed to be due from the defendant, he had the right to plead a release, or payment, or the statute of limitations, or any other defense going to show that he was not liable upon his contract of subscription." Appellant had the same right in the case at bar, but he was not permitted to make that defense.

The judgment of the Superior Court is reversed and the cause remanded.